UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIL BARHOUMI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22 CV 534 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is before me on Petitioner Jamil Barhoumi's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255.  Barhoumi's motion concerns the sentence imposed after I revoked his supervised release for the third time.  He argues that (1) I imposed a term of imprisonment that exceeded the statutory maximum; (2) I imposed a term of supervised release that exceeded the statutory maximum; and (3) I did not provide an adequate explanation for imposing a special condition requiring him to reside in a residential reentry center after his release from the Bureau of Prisons ("BOP").  I will deny Barhoumi's petition for the reasons explained below.

## BACKGROUND

On March 20, 2018, Barhoumi pleaded guilty to one count of uttering a counterfeit security, in violation of 18 U.S.C. § 513(a), and one count of using a

counterfeit access device, in violation of 18 U.S.C. §§ 1029(a)(1) and 1029(c)(1)(A)(i).  I sentenced him to a period of twenty months' imprisonment to be followed by thirty-six months of supervised release.

Barhoumi was released from BOP custody in August 2019.  He then spent approximately four months at a residential reentry center.  Five days after his release from the residential reentry center, he stole a debit card and used it to make purchases from several stores.  He was subsequently charged with Unlawful Use of a Debit Card and Unlawful Possession of a Lost/Mislaid Debit Card in St. Clair County, Illinois. As a result, in February 2020, I revoked his supervised release and imposed a sentence of six months' imprisonment to be followed by an additional thirty months of supervised release.[1]   I also ordered him to participate in a location monitoring/home detention program for six months.

In February 2022, Barhoumi appeared before me for a second supervised release revocation hearing.  In December 2021, he was arrested for Tampering with a Vehicle 1st Degree and Possession of a Controlled Substance.   He was subsequently charged with Stealing a Motor Vehicle in St. Louis County.  Other violations of his supervised release included failing to notify his probation officer of the arrest, testing positive for methamphetamine and amphetamine, failing to make

---

[1]  He had committed other supervised release violations, including testing positive for amphetamines and living at a residence that was unapproved by his probation officer.

payments toward restitution, and failing to participate in substance abuse and mental health treatment.  I revoked his supervised release again and sentenced him to time served plus ten days' imprisonment (totaling twenty-six days), with an additional twenty-four months of supervised release.  Additionally, I imposed sixty days of location monitoring/home detention.

Barhoumi appeared before me for his third supervised release violation hearing on April 18, 2022.  He had committed several supervised release violations since the last hearing; however, the AUSA agreed to dismiss most of the violations in exchange for Barhoumi agreeing to admit that he failed to submit to drug testing. I sentenced him to eight months' imprisonment and an additional twenty-one months of supervised release.  I also imposed a special condition requiring him to "reside in a residential reentry center for not more than three months upon [his] release."[2]

## LEGAL STANDARD

A federal prisoner may seek post-conviction relief by arguing that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

---

[2] The United States notes that at the hearing, I ordered Barhoumi to spend "not more than three months" at a residential reentry center, but the judgment states he must "reside in a residential reentry center for a term of at least 90 days but not more than 6 months."  If "there is any conflict between the district court's oral announcement of the special condition at sentencing and its written judgment, the oral sentence controls."  United States v. Puckett, 929 F.3d 1004, 1006 (8th Cir. 2019) (citation omitted).  The judgment will be amended to reflect the amount of time ordered at the hearing.

in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  In order to obtain relief under § 2255, a petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (citations omitted).

Generally, a petitioner must assert claims on direct appeal before he can raise them on habeas review.  However, a federal court may hear procedurally defaulted habeas claims if the petitioner can show cause for the default and actual prejudice resulting from the alleged error. Davila v. Davis, 137 S.Ct. 2058, 2062 (2017). Alternatively, a federal court may adjudicate procedurally defaulted claims that do not meet the cause and prejudice standard if the petitioner can show that the alleged error "probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).

## ANALYSIS

The United States emphasizes that Barhoumi did not raise the issues in his petition on direct appeal and is therefore barred from seeking habeas relief.  At the April 2022 supervised release revocation hearing, Barhoumi expressed his opposition to the sentence imposed and indicated that he intended to appeal.  I informed him that if his attorney could not file a notice of appeal, he could ask the court clerk to do so on his behalf.

4

The Court received this habeas petition on May 16, 2022.  That same day, the Court also received from Barhoumi a pro se motion to correct/reconsider his sentence.[3]  The motion was filed in his criminal case and raised essentially the same claims for relief as the habeas petition.  I denied the motion without prejudice, believing that the claims were more appropriately addressed on habeas review. Barhoumi appears to believe that the motion to correct/reconsider constitutes a direct appeal of his sentence.  It does not.  As a result, his claims are procedurally defaulted. However, assuming that I can reach the merits of Barhoumi's claims, I cannot grant him relief.

### I.    *Term of imprisonment*

Pursuant to 18 U.S.C. § 3583(e)(3), a district court may:

> [R]evoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on **any such revocation** [emphasis added] more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than

---

[3] Barhoumi represents that he filed the motion to correct/reconsider pro se because he had difficulty communicating with his attorney about filing an appeal.  He also represents that he mailed the motion before mailing his habeas petition and that the Court received them on the same day due to delays with the prison mailing system.

one year in any other case.

The United States Court of Appeals for the Eighth Circuit has recognized that while § 3583(e)(3) "formerly required the aggregation of any prison sentences imposed for revocations of supervised release," the amended statute no longer contains such a requirement.  United States v. Lewis, 519 F.3d 822, 824 (8th Cir. 2008).  Now, a district court may impose the maximum sentence of imprisonment "on any such revocation" without considering sentences imposed on prior revocations.  Barhoumi's original offenses are class C felonies, so the eight months of imprisonment imposed here did not exceed the two-year maximum sentence authorized by § 3583(e)(3).

## II.     Term of supervised release

According to § 3583(h), "the length of…a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  The Eighth Circuit has held that the phrase "any term of imprisonment" "requires aggregation of all postrevocation terms of imprisonment imposed on the same underlying offense."  United States v. Zoran, 682 F.3d 1060, 1063 (8th Cir. 2012) (citations omitted).  I imposed a total term of imprisonment of fifteen months: six months (in February 2020); twenty-six days (in February 2022); and eight months (in April 2022).  The

6

statute authorizes a three-year maximum term of supervised release for Barhoumi's original offenses.  § 3582(b)(2).  The maximum term of supervised release that I could therefore impose on this revocation totals "[three years] less [fifteen months]," or twenty-one months.

One issue potentially complicates this calculation: whether the eight months Barhoumi spent on home detention should count as a term of imprisonment. Barhoumi contends that it should, relying on United States v. Ferguson, 369 F.3d 847, 851 (5th Cir. 2004), in which the United States Court of Appeals for the Fifth Circuit held that "a court could not impose both a term of incarceration (upon revocation of supervised release) and subsequent home detention during a reimposed term of supervised release that, when combined, exceeds the allowable maximum incarceration term."  However, the Fifth Circuit later explicitly declined to extend its ruling in Ferguson to the supervised release context.  See United States v. Polydore, 493 F. App'x 496, 499 (5th Cir. 2012) (holding that a previously imposed term of home detention is *not* considered a term of imprisonment when calculating the maximum term of supervised release that may be imposed upon a subsequent revocation).

The United States has not cited, and I have not identified, any Eighth Circuit case that squarely addresses this issue.  Previously, the Eighth Circuit appeared to indicate that home detention does count as a term of imprisonment.  United States v.

7

Boecker, 280 F.3d 824, 826 (8th Cir. 2002) ("At that time, the [district] court was entitled to sentence Boecker to up to 21 months in prison (not 24 months because [he] had spent 3 months in home detention), and up to 33 months of supervised release, minus the prison time imposed, under the terms of § 3583(e)(3) and (h)."). The United States, and one other circuit court that has discussed Boecker, notes that this part of the case is dictum.  See United States v. Tourloukis, 558 F. App'x 112, 114 n.2 (2d Cir. 2014); see also United States v. Williams, 387 F. App'x 282, 285 n.3 (3d Cir. 2010) (explaining that "the [Boecker] Court simply assumed, with no analysis of the issue," that the district court should have included defendant's period of home detention when calculating the sentence of imprisonment that could be imposed).  Furthermore, the United States emphasizes that Boecker was decided before the passage of the PROTECT Act, which amended § 3583(h).  Previously, § 3583(h) provided that "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."  That portion of the statute no longer references subsection (e)(3).[4] See Polydore, 493 F. App'x at 499-500 (discussing the statute and explaining that

---

[4] § 3583(h) now states that "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."

while "Congress made the decision to link home detention and incarceration in 18 U.S.C. § 3563(b)(19) and 18 U.S.C. § 3583(e)(4), Congress made the decision to omit home detention from the formula for post-revocation supervised release in § 3583(h).  When Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion") (citation omitted).

Additionally, the United States points to the Eighth Circuit's recent decision in United States v. Floss, 42 F.4th 854 (8th Cir. 2022).  Floss argued that his sentence—thirty-six months of imprisonment and thirty-six months of home detention—should be considered seventy-two months of "confinement."  Id. at 860.  The court explained that "the plain meaning of [§ 3583(a) and U.S.S.G. § 5F1.2] makes clear what common sense teaches – home detention may be a form of 'confinement,' but it is not 'imprisonment.'"  Id.  The United States contends that if home detention is not considered "imprisonment" under § 3583(a), it should not be considered "imprisonment" under § 3583(h).

Having carefully considered the above-cited authorities and the statutory language of § 3583, I believe that home detention does not constitute a term of imprisonment within the meaning of § 3583(h) and that Barhoumi's twenty-one-month term of supervised release did not exceed the statutory maximum.  The terms

of Barhoumi's home detention further support this conclusion, as he was permitted to leave his residence for employment; education; religious services; medical appointments; attorney visits; court appearances and court-ordered obligations; and other activities preapproved by the Probation Office.  These terms "were not as severe as or analogous to a term of incarceration," as they "allowed [Barhoumi] to be at home, albeit with restrictions and confines, yet still enjoying the comforts of that goodly home with access to family and friends."  Polydore, 493 F. App'x at 500.

III.    *Special condition requiring residence in a residential reentry center*

Finally, Barhoumi argues that I imposed the special condition of residing in a residential reentry center without adequate explanation.  In support of his argument, he cites two Fifth Circuit cases, United States v. Prieto, 801 F.3d 547, 553 (5th Cir. 2015) and United States v. Salazar, 743 F.3d 445, 451 (5th Cir. 2014).  These cases are not binding on this Court.  Moreover, these cases do not establish, as Barhoumi suggests, that a condition of supervised release is automatically rendered invalid if the district court does not provide a specific explanation for its imposition.[5]

In the Eighth Circuit, "[d]istrict courts are encouraged to provide an explanation of how the conditions satisfy the requirements of § 3583(d), but where

---

[5] Rather, both cases acknowledge that a condition may be justified by a review of the record.  See Prieto, 801 F.3d at 550 (citing Salazar for the proposition that "district courts must justify special conditions with factual findings, and vacatur is required if the reasons for the condition cannot be inferred from the record); Salazar, 743 F.3d at 451 (acknowledging that "[i]n some cases, a court of appeals has affirmed [the imposition of a special condition] where the 'court's reasoning can be inferred after an examination of the record'") (citation omitted).

the basis for the special conditions can be discerned from the record, reversal is not required." <u>United States v. Simpson</u>, 932 F.3d 1154, 1156 (8th Cir. 2019).  Here, the record clearly establishes the basis for the imposition of this special condition. Barhoumi had experienced success during a previous period at a residential reentry center, a fact that he acknowledged at the February 2020 hearing.  Additionally, it was clear at the April 2022 hearing that Barhoumi did not know where he would live upon release from prison; he indicated that his wife would be unable to keep their house in his absence, but even if she could do so, the U.S. Probation Office had already informed him that he could not remain at that residence because it was not located within this judicial district.  These circumstances, and Barhoumi's overall history of noncompliance with prior terms of supervised release, support the condition of a three-month period of residence at a residential reentry center after release from BOP custody.  <u>See</u> <u>United States v. Kimball</u>, 747 F. App'x 445, 446 (8th Cir. 2019) (upholding special condition of a term in a residential reentry center because defendant's "track record of incorrigibility suggests that a structured transition from imprisonment to society is appropriate").

## **CONCLUSION**

For the foregoing reasons, I will deny Barhoumi's motion to vacate, correct, or set aside his sentence.  An evidentiary hearing is unnecessary because "the files and records of the case conclusively show that [he] is entitled to no relief."  <u>Cheek</u>

v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988) (citations omitted). Additionally, I will not issue a certificate of appealability because Barhoumi has not made a substantial showing of the denial of a federal constitutional right. Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED that** Jamil Barhoumi's motion to vacate, correct, or set aside his sentence, [1], is **DENIED**.

**IT IS FURTHER ORDERED that** no certificate of appealability shall be issued.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2022.